Bao, Apelado, *v.* Irizarry et al., Apelantes.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 959.—Resuelto en mayo 22, 1913.

Partes—Muerte de uno de los Demandados—Procedimientos en la Corte Municipal.—Cuando en una acción iniciada en una corte municipal contra dos deudores solidarios muere uno de ellos, y apelada la sentencia ante la corte de distrito se celebra un juicio de nuevo y se dicta sentencia de acuerdo con las alegaciones y las pruebas, no puede discutirse en la apelación de la sentencia de la corte de distrito, la corrección de los procedimientos habidos en la corte municipal con motivo del fallecimiento de uno de los demandados, cuando, como en el caso de autos, ocurre que los herederos del difunto no son parte en la apelación y que la sentencia de la corte de distrito fué dictada únicamente contra la parte superviviente.

Pagarés—Deudores Solidarios—Firma de uno de los Deudores.—La manifestación de uno de los deudores solidarios de un pagaré reconociendo como legítima su firma, pero diciendo que la había puesto sin darse cuenta de la obligación que contraía, no es suficiente por sí sola para destruir la eficacia de dicho pagaré.

Los hechos están expresados en la opinión.

Abogado de Tulidania Cancel: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. José Martínez Dávila.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Manuel Bao presentó una demanda en la Corte Municipal de Utuado contra los esposos Herminio Irizarry y Tulidania Cancel, alegando:

"I. Que el día doce de junio del corriente año los demandados otorgaron a favor del demandante un pagaré que copiado a la letra dice así:

" 'Pagaremos el día doce de diciembre del corriente año a la orden de Don Manuel Bao, la suma de quinientos dollars valor recibido de dicho Sr. Bao a nuestra entera satisfacción y para garantizar el buen cumplimiento obligamos nuestros bienes, y especialmente las casas de nuestra propiedad números once y trece de la calle General Maceo de esta ciudad. Declaramos solemnemente que no pesa ningún gravamen sobre dichos bienes, y que nos comprometemos a no gravarlos por ningún concepto mientras no hayamos satisfecho totalmente el importe de la presente obligación, estando ambos y cada uno por separado obligados a cumplir este compromiso. Y para que así conste, firmamos el presente en Utuado a doce de junio de mil novecientos ocho. Firmado. Herminio Irizarry. Tulidania Cancel. Testigo: José Blanco, (testigo) Macario Zapater.'

"II. Que requeridos por el demandante en el día de hoy los demandados para que hicieran efectiva la obligación transcrita, por estar ya vencida, dichos demandados han contestado que no pagaban porque no tenían recursos para hacerlo."

Los demandados contestaron negando en general la demanda y alegando como materia nueva de oposición:

"1. Que sólo el demandado Herminio Irizarry adeuda alguna cantidad de dinero al demandante, cuya cantidad no llega a los quinientos pesos.

"2. Que el pagaré a que se refiere la demanda fué un documento que firmaron los demandados y especialmente la demandada Doña Tulidania Cancel, por error, pues ni el demandado Irizarry debe a Bao quinientos pesos, ni la demandada Doña Tulidania le debe un sólo centavo, pues nunca recibió ningún dinero del demandante.

"3. El gravamen especial que se hace en ese documento a que sé refiere la demanda, sobre las casas once y trece de la calle del General Maceo de Utuado, es otro error pues tanto el demandante como los demandados saben que esas dos casas pertenecen en legítima propiedad a Don Francisco Cancel, quien las gobierna y administra como su verdadero dueño.

"4. Los testigos José Blanco y Macario Zapater que aparecen firmando el pagaré a que se refiere la demanda, no firmaron dicho documento en presencia de los demandados."

Ambas partes de común acuerdo solicitaron y obtuvieron el traslado del pleito a la Corte Municipal de San Juan, y mientras el pleito se encontraba pendiente en la corte municipal, falleció el demandado Irizarry. Con tal motivo tuvieron lugar algunos procedimientos cuya corrección no nos corresponde investigar en este recurso. Finalmente la corte municipal, el 21 de septiembre de 1911, dictó sentencia declarando con lugar la demanda únicamente en contra de la demandada Tulidania Cancel, a quien condenó a pagar al demandante la suma de quinientos pesos reclamada y las costas.

Contra esa sentencia de la corte municipal interpuso la demandada Tulidania Cancel apelación para ante la Corte de Distrito de San Juan. En la corte de distrito se celebró el juicio de nuevo y, tomándose en consideración las alegaciones y las pruebas, se dictó sentencia el 23 de septiembre de 1912 condenando a la demandada Tulidania Cancel a pagar al demandante los quinientos pesos reclamados y las costas. En la misma sentencia se hizo constar que los herederos de Irizarry no figuraban como partes en el litigio. Contra la sentencia de la corte de distrito apeló Tulidania Cancel para ante este Tribunal Supremo.

La parte apelante pretende que esta Corte Suprema investigue los procedimientos que tuvieron lugar en la corte municipal con motivo de la muerte del demandado Irizarry. Ya hemos dicho que no nos corresponde investigar la corrección de dichos procedimientos. Los herederos de Irizarry no son parte en este recurso, ni la sentencia apelada contiene pronunciamiento alguno en contra de ellos. La parte demandante de hecho abandonó su pleito en contra de los herederos de Irizarry, y lo continuó únicamente en contra de la demandada Tulidania Cancel. Esta apeló de la sentencia y obtuvo la completa revisión del caso en la corte de distrito. La sentencia de la corte de distrito se basó en las alegaciones

y en las pruebas ante ella practicadas, y si esas alegaciones y esas pruebas son suficiente para sostener su sentencia, dicha sentencia no puede revocarse por esta Corte Suprema, por errores de procedimiento que pudieran haberse cometido en la corte municipal.

Aclarado este punto, veamos si las alegaciones y las pruebas son o nó suficientes para sostener la sentencia apelada.

En la demanda se alega la existencia de la obligación y la falta de cumplimiento de la misma.

La acción se ejercitó por el acreedor en un principio contra las dos personas que según los términos del documento incluído en la demanda se había constituído en deudores solidarios para con el demandante y luego continuó contra uno sólo de dichos deudores solidarios, procediéndose de acuerdo con lo dispuesto en el artículo 1111 del Código Civil revisado, a saber:

"Artículo 1111. El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo."

La prueba del demandante consistió en las declaraciones de la demandada Tulidania Cancel y del demandante Manuel Bao y en la presentación del pagaré original copiado en la demanda. La prueba de la demandada consistió en la presentación de una escritura notarial otorgada el 10 de diciembre de 1908 referente a la venta al parecer de las mismas casas a que se refiere el pagaré.

Al declarar la demandada reconoció como legítima la firma suya que aparece al pie del pagaré, diciendo que la había puesto sin darse cuenta de la obligación que contraía. Tal manifestación no es suficiente para destruir la eficacia del documento y si se tiene en cuenta además la declaración del demandante que explica detalladamente los términos de la transacción, es necesario concluir que la corte sentenciadora

no cometió error alguno al declarar probados los hechos alegados en la demanda.

Por virtud de todo lo expuesto, opinamos que debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.